IN THE UNITED STATES DISTRICT COURT FOR THE
EASTER DISTRICT OF MISSOURI
EASTERN  DIVISION

| | |
|---|---|
| TORIA ANDERSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.                                                ) | Cause No.  4:16CV2136 HEA |
| ) | |
| CREVE COEUR URGENT CARE, LLC, et al.,  ) | |
| ) | |
| Defendants.                       ) | |
| ) | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION  TO
PLAINTIFFS'  MOTION FOR SUMMARY JUDGMENT FOR ALL DEFENDANTS**

COMES NOW Defendants, by and through their attorney, who state Plaintiffs have not proven that there is an absence of material facts that would justify granting a summary judgment. Defendants have not admitted the material facts that would have to be admitted to warrant awarding a summary Judgment.  And, Plaintiffs cannot reject the material facts that warrant denying a summary judgment.

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be entered only if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party when there is a genuine dispute as to those facts. *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (citation omitted). Here, the nonmovant has done more than simply show that there is some metaphysical doubt as to the material facts, he has come forward with specific facts showing that there is a genuine issue for trial." *Briscoe v. Cnty. of St. Louis, Mo.*, 690 F.3d 1004, 1011 (8th Cir. 2012).

Summary judgment is a drastic remedy that should only be employed when the nonmovant cannot offer a modicum of material facts in dispute.  Defendants have properly resisted this motion by designating specific facts creating a triable controversy. *Crossley v. Georgia-Pacific Corp.*, 355 F.3d 1112, 1113 (8th Cir. 2004).

Dr. Sonny Saggar did not directly supervise Plaintiffs.   Defendant's Opposition to Motion for Summary Judgment for All Defendants Exhibit One, p. 63:10-17. Defendant has satisfied its obligation to show that there remains genuine issues of material fact regarding whether Dr. Saggar should be subject to personal liability for any purported Fair Labor Standards Act violations.   Defendants' Uncontradicted Material Facts, numbers 1-3. Plaintiff Medina even admitted that she never complained to Dr. Saggar about any allegation of improper compensation.  Defendant's Opposition to Motion for Summary Judgment for All Defendants Exhibit Three, p. 230:5- 8.

Plaintiffs have attempted to introduce a series of payroll records in an effort to show that they were not properly compensated for overtime by including the shift differential. They have failed to do so.  These records at best are inconclusive.  Even Plaintiff Anderson admitted that there were errors in her calculations. Defendant's Opposition to Motion for Summary Judgment for All Defendants Exhibit Two, p. 140:1- 8.

It was Defendants' policy to pay overtime at the rate of 1.5.  Defendant's Opposition to Motion for Summary Judgment for All Defendants Exhibit Four.  Plaintiffs believed they were under payed and complained to the U.S. Department of Labor Wage and Hour Division who denied their claims.  Defendant's Opposition to Motion for Summary Judgment for All Defendants Exhibit Five and Six.  While a denial by the Wage and Hour Division certainly does not compromise a parties' ability to bring a private action it certainly raises a red, not be

confused with white, flag.  In other words, the Wage and Hour Division was not interested after they read Plaintiffs' charges.  Defendants have certainly been able to offer other red flags masquerading as material facts remaining in dispute now that discovery has closed.

Defendants are not going to waste the court's time by arguing for fifteen pages as allowed by Local Rule 7-4.01(D).  They have already defeated Plaintiffs' motion by demonstrating that genuine issues of material facts still remain.  The only precedents that have to be considered here are those pertaining to motions for summary judgment.  Plaintiffs have to overcome the threshold of showing the lack of genuine material facts before Defendants have to consider how to interpret the Fair Labor Standards Act.  Defendants are not going to cite pages of authority or undertake lengthy analysis when Plaintiffs have not satisfied their duty to show an absence of material facts.

This case has too much doubt to justify prematurely awarding a motion for summary judgment.  Plaintiffs' motion should be denied.

Respectfully submitted,

**BANKS LAW LLC**

/s/ Eric Kendall Banks
Eric Kendall Banks, MBE #28655
Attorney for Plaintiff
308 North 21st Street, Suite 401
St. Louis, Missouri 63108
(314) 583-7075
(302) 365-2789 (e-fax)
ericbanks@bankslawllc.com

3

## **CERTIFICATE OF SERVICE**

     I hereby certify that on July 24, 2019, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Plaintiffs' attorneys of record.

                                            /s/ Eric Kendall Banks