# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TORIA ANDERSON, et al., individually, and on behalf of others similarly situated, </br></br>Plaintiffs,</br></br>vs.</br></br>CREVE COEUR URGENT CARE LLC, et al.,</br></br>Defendants. | Case No.: 4:16CV2136 HEA |

## **OPINION, MEMORANDUM AND JUDGMENT**

This matter is before the Court on Plaintiffs' Request for Relief and Entry of Judgment against all Defendants [Doc. No. 105]. Defendants have objected to much of Plaintiffs' request. Plaintiffs did not reply to these objections.

## Background

On December 22, 2016, Plaintiffs Toria Anderson ("Anderson") and Wendy Medina ("Medina") (collectively, "Plaintiffs") filed a three-count Complaint alleging that Defendants, their former employers, violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. (Count I), violated the overtime provisions of the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. § 290.505 (Count II), and committed breach of contract (Count III).

In their motion for summary judgment, Plaintiffs noted that they "also assert a claim that they were deprived of overtime compensation for time spent working off the clock, but do not seek summary judgment on this claim." Plaintiffs seemingly abandoned their breach of contract claim (Count III) in their motion for summary judgment, which was specifically noted by the Court in its Order granting summary judgment.

On September 24, 2019, this Court entered an Order granting Plaintiff's motion for summary judgment. In its Order, the Court ruled that (1) Defendants violated the FLSA and MMWL by failing to properly compensate Plaintiffs for overtime hours; (2) Plaintiffs were entitled to liquidated damages on their FLSA claim; and (3) Defendant Sonny Saggar was individually liable for the FLSA violations.

In their Request for Relief, Plaintiffs requested damages on the issues of "off the clock" work and on their breach of contract claim. Defendants objected to these requests on the basis that those issues were not addressed in Plaintiff' motion for summary judgment. The Court agrees that it cannot award damages for claims not adjudicated. As noted in the Court's Order granting summary judgment, Plaintiff's claim for breach of contract has been abandoned; that issue was mentioned neither in Plaintiffs' motion for summary judgment nor in their trial brief [Doc. No. 94]. On the other hand, the status of Plaintiffs' claim regarding

"off the clock" work is unclear and will be addressed at a forthcoming status conference before the Court. At this time, the Court will enter damages only as to the FLSA and MMWL claims ruled on in its September 24, 2019 Order.

## Damages

In its Order granting summary judgment, the Court found that for the December 14 – 27, 2015 pay period, Anderson received $1,475.79 total gross pay from Defendants but was entitled to gross pay of $1,477.18. Anderson is entitled to $1.39 in actual damages and $1.39 in liquidated damages for that pay period.

In its Order granting summary judgment, the Court found that for the March 21 – April 3, 2016 pay period, Anderson received $1,359.33 total gross pay from Defendants but was entitled to gross pay of $1,360.96. Anderson is entitled to $1.63 in actual damages and $1.63 in liquidated damages for that pay period.

In its Order granting summary judgment, the Court found that for the April 6 – 19, 2015 pay period, Medina received $1,467.39 total gross pay from Defendant but was entitled to gross pay of $1,485.65. Medina is entitled to $18.26 in actual damages and $18.26 in liquidated damages for that pay period.

In its Order granting summary judgment, the Court found that for the April 4 – 17, 2016 pay period, Medina received $1,534.52 total gross pay from Defendants but was entitled to gross pay of $1,562.68. Medina is entitled to $28.16 in actual damages and $28.16 in liquidated damages for that pay period.

Finally, to reiterate, the Court ruled in its Order granting summary judgment that Defendant Sonny Saggar is an "employer" under the FLSA and is therefore individually liable in this action.

## Conclusion

As to the non-"off the clock" FLSA and MMWL claims, Plaintiffs are entitled to the following damages:

Toria Anderson is entitled to $3.02 in actual damages and $3.02 in liquidated damages, totaling $6.04 in damages.

Wendy Medina is entitled to $46.42 in actual damages and $46.42 in liquidated damages, totaling $92.84 in damages.

Accordingly,

**IT IS HEREBY ORDERED** that damages shall be entered in favor of Plaintiffs and against Defendants as follows:

Plaintiff Toria Anderson: $6.04,

Plaintiff Wendy Medina: $92.84,

Total: $98.88.

Dated this 26th day of November, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE