# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TORIA ANDERSON, et al., individually, and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No.: 4:16CV2136 HEA |
| CREVE COEUR URGENT CARE LLC, et al., | ) ) ) ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND INTERLOCUTORY JUDGMENT

This matter is before the Court on Plaintiffs' Motion for Reconsideration [Doc. No. 114] of the Court's November 26, 2019 Opinion, Memorandum, and Judgment [Doc. No. 108]. Defendants has not responded to Plaintiff's Motion. For the reasons set forth below, the Motion will be granted.

### Background

Plaintiffs Toria Anderson ("Anderson") and Wendy Medina ("Medina") (collectively, "Plaintiffs") filed a three-count Complaint alleging that Defendants, their former employers, violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. (Count I), violated the overtime provisions of the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. § 290.505 (Count II), and committed breach of contract (Count III).

Plaintiffs moved for summary judgment on their overtime claims (Counts I & II) noting that they "assert a claim that they were deprived of overtime compensation for time spent working off the clock, but *do not* seek summary judgment on this claim." (Emphasis added). Instead, Plaintiffs sought summary judgment only on the issue of proper compensation for overtime hours that were worked "on the clock" and therefore reflected in undisputed employee time clock records. Plaintiffs did not mention Count III; the Court thereby held that Plaintiffs had abandoned that breach of contract claim.

On September 24, 2019, this Court granted Plaintiff's motion for summary judgment (the "Summary Judgment Order"). In its Summary Judgment Order, the Court held: (1) Defendants violated the FLSA and MMWL by failing to properly compensate Plaintiffs for overtime evidenced by time and pay records; (2) Plaintiffs were entitled to liquidated damages on the FLSA claim; and (3) Defendant Sonny Saggar was individually liable for the FLSA violations. The Court mistakenly found Plaintiffs were entitled to *final* judgment after the determination of damages, having neglected to recognize Plaintiff's remaining "off the clock" overtime claim.

In their Request for Relief, Plaintiffs requested damages on all claims, including their "off the clock" claim and breach of contract claim. Defendants objected to these requests on the basis that those issues were not addressed in

Plaintiffs' motion for summary judgment. Defendants did not object to the amounts requested by Plaintiffs for their non-"off the clock" overtime claim. The Court ruled that Plaintiffs were not entitled to damages for their "off the clock" claim or for their abandoned breach of contract claim. The Court entered damages for the non-"off the clock" claim equal to those it had calculated in its Summary Judgment Order.

On January 21, 2020, the Court held a status conference regarding Plaintiffs' "off the clock" claim. Plaintiffs stated that they had not moved for summary judgment on that issue due to a genuine dispute of material fact. Plaintiffs also had construed the Court's mistaken "final" summary judgment ruling as indicative of judgment in their favor on the "off the clock" claim. Because the "off the clock" claim had not, in fact, been adjudicated on the merits, Plaintiffs requested that the claim proceed to trial and expressed amenability to a bench trial. Defendants, on the other hand, contended that the Summary Judgment Order disposed of all issues and noted that the Court had held the breach of contract claims to be abandoned. In response, Plaintiffs stated that although the Court had held the breach of contract claim to be abandoned, the "off the clock" claims were not abandoned and that the parties should proceed to trial thereon.

Plaintiffs' "off the clock" claim was neither abandoned nor has it been disposed of on the merits. That unresolved claim is still pending before the Court.

## Reconsideration

Under Federal Rule of Civil Procedure 54(b), a court may reconsider any order not certified for appeal when the order in question did not resolve all the claims of all the parties in the action. Here, Plaintiff seeks reconsideration of the judgment entered by this Court on November 26, 2019 awarding damages for non-"off the clock" claims (the "Award Judgment"). As noted above, there remains a pending claim in this case. The Court is therefore entitled to revise its Award Judgment. Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.")

Plaintiffs contend that the Award Judgment is erroneous because "the amounts the Court found Plaintiffs entitled to for their [non-"off the clock"] overtime rate claims are not consistent with the damage computation they provided . . . in their October 4, 2019 Request for Relief." Plaintiffs also note that in Defendants' Response to Plaintiff's Request for Relief and Entry of Judgment, Defendants contested the breach of contract damages and the "off-the-clock" damages, but did not contest the damages submitted regarding Plaintiffs' non-"off the clock" claims. "A court may reconsider an interlocutory order to 'correct any

clearly or manifestly erroneous findings of fact or conclusions of law.'" *Westinghouse Elec. Co. v. United States*, No. 4:03CV861 CDP, 2009 WL 881605, at *4 (E.D. Mo. Mar. 30, 2009) (citing *Jones v. Casey's Gen. Stores,* 551 F.Supp.2d 848, 854 (S.D. Iowa 2008)). "Reconsideration may be granted if the earlier decision misunderstood a party, made a decision outside of the adversarial issues, or because of a controlling or significant change in law since the issues were submitted to the court." *Westinghouse Elec. Co.,* 2009 WL 881605, at *4.

The Court's mistaken indication of "final" judgment before all claims were adjudicated have led to confusion and misunderstanding warranting revision of its prior Award Judgment. Additionally, Defendants did not dispute Plaintiffs' non-"off the clock" damages in either their original response to Plaintiffs' Request for Relief or in response to the instant Motion for Reconsideration. Therefore, the Court's Award Judgment can be considered a decision outside of the adversarial issues. Plaintiff's Motion for Reconsideration is well-taken and will be granted.

## Conclusion

As to the non-"off the clock" FLSA and MMWL claims, Plaintiffs are entitled to the following revised damages:

Toria Anderson is entitled to $164.30 in actual damages and $164.30 in liquidated damages, totaling $328.60 in damages.

Wendy Medina is entitled to $269.77 in actual damages and $269.77 in liquidated damages, totaling $539.54 in damages.

Accordingly,

**IT IS HEREBY ORDERED** the Plaintiff's Motion for Reconsideration [Doc. No. 114] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Order, Memorandum, and Judgment and the award of damages therein entered by this Court on November 26, 2019 [Doc. No. 108] is **VACATED**.

**IT IS FURTHER ORDERED** that damages as to Planitffs' non-"off the clock" claims shall be entered in favor of Plaintiffs and against Defendants as follows:

Plaintiff Toria Anderson: $328.60,

Plaintiff Wendy Medina: $539.54,

Total: $868.14.

Dated this 6th day of April, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE