UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TORIA ANDERSON and WENDY MEDINA, individually, and on behalf of others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>CREVE COEUR URGENT CARE LLC, DOWNTOWN URGENT CARE LLC, EUREKA CLINIC LLC, NORTH CITY URGENT CARE LLC, UCSL LLC, *doing business as* "St. Louis Urgent Cares," and SONNY SAGGAR,<br><br>Defendants. | Case No. 4:16-cv-02136<br><br>Judge Henry Edward Autrey |

**PLAINTIFFS' MOTION IN LIMINE**

COME NOW Plaintiffs, by and through counsel, and respectfully move the Court *in limine* to exclude evidence and argument from trial, as follows:

**I.   INTRODUCTION**

Evidence is relevant if it tends to make a fact more or less probable than without the evidence, and the fact is of consequence in determining the action. Fed. R. Evid. 401. All relevant evidence is admissible at trial unless specifically excluded by another rule. *See* Fed. R. Evid. 402. A court may exclude otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." *See* Fed. R. Evid. 403. Grounds for excluding evidence include "where there is a significant danger that the jury might base its decision on emotion or when outside events would distract reasonable jurors from the real issues in a case." *Id*.

1

Plaintiffs move the Court for an Order prohibiting Defendants' counsel and any witness tendered by Defendants from asking any questions, eliciting any information, making any arguments, or making known to the jury in any way the following matters, as such are to be excluded from mention in this case.

**A.   This Court Should Prevent Defendants From Arguing Against Or Attempting To Contradict Any Request For Admission That Defendant Failed to Either Admit Or Deny**

During written discovery, Plaintiffs served their First Requests for Admissions on Defendants. In response to many of Plaintiff's admission requests, Defendants did not specifically admit or deny the request, but rather, Defendants stated that they were "without sufficient information to admit or deny the allegations," but that Defendants' investigation [wa]s ongoing and Defendants will seasonably supplement th[e] response accordingly." (See ECF No. 76-7). However, Defendants did not supplement its responses to any of those requests, and discovery is now closed. Given those responses, Defendants should not be allowed to controvert at trial—through evidence or argument—any of Plaintiffs' admission requests that Defendants failed to specifically admit or deny (and promised to "supplement" at later date, but failed to do). The requests at issue are Request Nos. 44, 48, 60, 64, 76, 80, 92, 96, 108, and 112.

**B.   Any References to Plaintiffs' Prior Arrests, Convictions, or Bankruptcies Should Be Excluded**

This lawsuit does not have anything to do with whether Plaintiffs have been involved in criminal proceedings or with whether they had at one time too much debt relative to their respective incomes. The main issues in this case are whether Plaintiffs performed any overtime work for which they were not compensated at time and a half.

References to criminal proceedings and/or bankruptcies would only be used to portray Plaintiffs as bad characters without shedding any light on the central issues of the case. If

2

allowed, they would provide no value and would be unfairly prejudicial to Plaintiffs. Questions concerning these topics are not relevant to the issues in this case and should be excluded. Fed. R. Evid. 402. They would be highly confusing and misleading to the jury, and the probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403.

    **C.    Any Allegations or Suggestions That Plaintiffs Had A Duty to Record the Actual Hours They Worked Are Improper and Should Be Excluded**

Questions regarding Plaintiffs' failure to record actual hours worked should be excluded. The FLSA requires *employers* to "make, keep and preserve such records of the persons employed by him and of wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator [of the Department of Labor's Wage and Hour Division] as he shall prescribe by regulation or order . . . ." 29 U.S.C. § 211(c). Where an employer has not kept adequate records of wages and hours, however, employees generally may not be denied recovery of back wages on the ground that the precise extent of their uncompensated work cannot be proved. *Dole v. Alamo Foundation*, 915 F.2d 349, 351 (8th Cir. 1990). Instead, the employees "are to be awarded compensation on the most accurate basis possible." *Id.* (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946)). Plaintiffs bear the burden of proving the extent of any uncompensated work, but may satisfy that burden by "just and reasonable inference." *Anderson*, 328 U.S. at 687-88.

On the other hand, there is no requirement under the FLSA that Plaintiffs must keep any—much less accurate—records of hours worked. All questions, evidence or references concerning why Plaintiffs did not accurately record their hours worked are not relevant to the issues of this case and are highly prejudicial to Plaintiffs. It would be improper to introduce this

3

line of questioning as evidence in the trial of this matter. This theme will very likely confuse the jury as to which party has a record-keeping obligation under the law.

Questions regarding whether Plaintiffs kept accurate records of the hours they worked will only waste the time of the jury and court, as the evidence is not relevant to the issues of the present case. Fed. R. Evid. 402. Even if it had any relevance whatsoever, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, and/or misleading the jury. Fed. R. Evid. 403.

    **D.**   **References to Plaintiffs' Attorneys' Fees And Costs are Irrelevant and Unfairly Prejudicial**

An award of attorneys' fees and costs to the plaintiff is "mandatory" in FLSA cases, but only if the plaintiff prevails. 29 U.S.C. § 216(b) ("The Court shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorneys' fees to be paid by the defendant and costs of the action"). The amount of the attorneys' fee is within the discretion of the court. *Collins v. Barney's Barn, Inc.*, Case No. 4:12-cv-685-SWW (E.D. Ark. 10/16/2014). Since the awarding of attorneys' fees and costs will not be a job for the jury, any reference at all to such issues would only serve to confuse the jury or prejudice Plaintiffs. Much like argument and evidence regarding the presence of insurance is disallowed in jury trials as prejudicial and not probative, any reference to the possible award or payment of attorneys' fees and costs should be similarly disallowed as unduly prejudicial while having no probative value. *See Gordils v. Ocean Drive Limousines, Inc.*, No. 12-24358-cv-KING, 2014 U.S. Dist. LEXIS 140310, at *2 (S.D. Fla. Oct. 2, 2014) ("[T]here is no legal basis for referring to attorneys' fees and costs at trial. Attorneys' fees and costs are post-trial issues for the Court that do not relate to any question of fact for the jury to answer.").

**E.   Suggestions or Allegations that Plaintiffs Were Bad at Their Job Would be Irrelevant and Unfairly Prejudicial**

Defendants may attempt to paint Plaintiffs as lazy, dishonest, or otherwise bad at their job. These allegations are absolutely baseless. Regardless of their factual accuracy, these types of statements are absolutely unacceptable, highly and irreversibly prejudicial to Plaintiffs, and should not be allowed at trial. Fed. R. Evid. 403. It is also irrelevant to the issues of this case whether Plaintiffs were "good" or "bad" employees during their employment with Defendant. Fed. R. Evid. 402. As discussed above at length, the only issues that are relevant are those that bear on the hours worked by Plaintiffs. It is immaterial if Plaintiffs were disappointing, underperforming, etc. Discussion of those themes will only serve to unavoidably cause the jury to dislike Plaintiffs, and will not lead to a fair result.

**F.   Suggestions or Allegations That Plaintiffs Did Not Call Certain Witnesses To Testify For Any Reason Would be Misleading and Unfairly Prejudicial**

Plaintiffs also ask that Defendants' counsel be instructed not to attempt to suggest or infer that some witness or person was not called by Plaintiffs to testify and/or to speculate as to why a witness or person was not called to testify. To allow such commentary is irrelevant, unduly prejudicial, and must be excluded. Fed. R. Evid. 401, 402, 403. If it has any relevance, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury.

**G.   "Fairness" Is Irrelevant**

Plaintiffs ask that any suggestions, allegations, evidence, and arguments by Defendants regarding whether Plaintiffs' pay was "fair," "reasonable," or otherwise sufficient in the abstract, as opposed to whether Plaintiffs' pay was lawful, be excluded.

None of the issues in this case turn on whether pay was "fair" or "reasonable." Rather the entire inquiry turns on whether Plaintiffs' pay complied with the FLSA and Defendant's objective and subjective state of mind with respect to the FLSA violation. A jury could easily be misled to improperly consider whether Plaintiffs' pay was "fair" or "reasonable" instead of whether it complied with the FLSA. Accordingly, such evidence must be excluded pursuant to Federal Rules of Evidence 402 and 403.

### H. "Impact" Is Irrelevant

Plaintiffs ask that the Court exclude any suggestions, allegations, evidence, and arguments by Defendants regarding the impact or possible negative side-effects of a jury decision in favor of Plaintiffs on Defendants, or employers in general. These issues are clearly irrelevant—the impact of the FLSA on a business or industry is not a factor that is relevant to FLSA compliance or any other issue in this case. Yet, a jury could easily be misled to improperly consider the impact of a jury verdict in Plaintiffs' favor when reaching a decision. Accordingly, such evidence must be excluded pursuant to Federal Rules of Evidence 402 and 403.

### I. References to Other Lawsuits Should Be Excluded

Plaintiffs ask that the Court exclude any suggestions, allegations, evidence, and arguments by Defendants regarding the negative impact of lawsuits generally, attorney-driven lawsuits, or other lawsuits filed by Plaintiffs' counsel on behalf of Plaintiffs or other clients. While counsel for Defendants has not indicated its desire to engage in this type of argument, it is not an uncommon practice for defense counsel to attempt to inject bias against plaintiffs, plaintiffs' attorneys, and lawsuits generally when soliciting testimony, introducing evidence and making argument. None of this has any relevance to the issues to be decided in this case, so it should be excluded pursuant to Federal Rules of Evidence 402 and 403.

In the FLSA case of *Hart v. RCI Hosp. Holdings, Inc.*, the court precluded, "in no uncertain terms," evidence and arguments regarding "(1) the motivation and conduct of class counsel, and the fact that their geographical home-base is outside of New York; (2) the opt-out rate within the class; (3) advertising by class counsel; and (4) lawyer-driven lawsuits." 90 F. Supp. 3d 250, 271 (S.D.N.Y. 2015). The court found such evidence irrelevant, and further held that even if it had any relevance "it would be substantially outweighed by the capacity of such evidence and lawyer arguments to confuse the jury and create unfair prejudice." *Id*. There is no reason why this case should be any different.

### J. The Jury's Deliberations Should Not Include a Determination of the Mathematical Computation of Damages

Plaintiffs request an Order limiting the jury's deliberations, as it relates to damages, only to the hours worked in each workweek, and to not include determinations of any other factors necessary to mathematically compute damages.

It is Plaintiffs' position, which may also be the position of Defendant, that the jury should determine the number of hours worked by Plaintiffs based on Plaintiffs' good faith estimates, and that this number should be used later, after the verdict, in an agreed upon equation to determine the precise dollar award.

The jury should not be expected to reach any other factual conclusions related to damages above and beyond Plaintiffs' hours worked. Plaintiffs seek to exclude from jury consideration facts including but not limited to Plaintiffs' regular rate of pay, the applicable overtime rate, and specific computations of monies owed.

These are issues of law, or undisputed issues of fact, that are best left to be determined by the Court or by stipulation of the parties. Presentation of these questions as open issues at trial

7

will only confuse or prejudice the jury, and unnecessarily burden them with tasks, including mathematical computations, beyond what they have been charged to consider.

### K. References to Liquidated Damages Should Be Excluded

Plaintiffs ask that the Court exclude any suggestions, allegations, evidence, and arguments by Defendants regarding or relating to an award of liquidated damages under the FLSA. The Court has already ruled that liquidated damages are appropriate, (ECF No. 103) so any reference to liquidated damages to the jury is irrelevant and can only serve to prejudice Plaintiffs. *Gordils v. Ocean Drive Limousines, Inc.*, No. 12-24358-cv-KING, 2014 U.S. Dist. LEXIS 140310, at *3–4 (S.D. Fla. Oct. 2, 2014); *See also* Fed. R. Evid. 401, 402, 403.

### CONCLUSION

Plaintiffs' Motion in Limine is intended to prevent jury confusion and ensure an efficient trial by keeping both Parties focused on the questions to be decided by the jury. For these reasons and for the reasons stated above, Plaintiffs' Motion in Limine should be granted in its entirety.

RESPECTFULLY SUBMITTED,

Dated: October 25, 2021        By:    /s Nicholas Conlon
                                       Nicholas Conlon
                                       **BROWN, LLC**
                                       111 Town Square Place, Suite 400
                                       Jersey City, NJ 07310
                                       T: (877) 561-0000
                                       F: (855) 582-5297
                                       nicholasconlon@jtblawgroup.com

                                       *Lead Counsel for Plaintiffs*

                                       Anthony M. Pezzani

8

                                            Engelmeyer & Pezzani, LLC
                                            13321 N. Outer Forty Road, Suite 300
                                            Chesterfield, MO 63017
                                            (636) 532-9933 Phone
                                            (314) 863-7793 Facsimile
                                            tony@epfirm.com

*Local Counsel for Plaintiffs*